UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARY E. COLOMBO,

                         Plaintiff,                    No. 07-CV-6270 CJS

   -vs-

                                                    DECISION AND ORDER

EAST IRONDEQUOIT CENTRAL SCHOOL and
KAREN TURNER, Individually,

                         Defendants.
_____

APPEARANCES

For Plaintiff:                  Christina A. Agola, Esq.
                                730 First Federal Plaza
                                28 East Main Street
                                Rochester, New York 14614

For Defendants:              Jeremy A. Colby, Esq.
                                Michael S. Cerrone, Esq.
                                Webster Szanyi, LLP
                                1400 Liberty Building
                                Buffalo, New York  14202

INTRODUCTION

     This is an action alleging claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Americans With Disabilities Act ("ADA"),  42 U.S.C. § 12101 *et seq.*, and the Family Medical Leave Act ("FMLA"),  29 U.S.C. § 2601, *et seq.*..  The following motions are now before the Court: 1) a motion [#13] by Defendants to dismiss the Second Amended Complaint [#10] pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6); and 2) a cross-motion [#15] by Plaintiff to file a Third Amended Complaint.

1

BACKGROUND

On December 13, 2007, Defendants filed the subject motion [#13] to dismiss the Second Amended Complaint. In response, Plaintiff admitted that there were various deficiencies in the Second Amended Complaint, and, for that reason, she filed the subject cross-motion to amend [#15]. However, Plaintiff opposed some of Defendants' arguments. On June 12, 2008, counsel for the parties appeared before the undersigned for oral argument of the motions. At that time, counsel agreed that Plaintiff would file her Third Amended Complaint, and that by July 11, 2008, Defendants would inform the Court whether they still wanted to pursue a motion to dismiss as to that complaint. On June 20, 2008, Plaintiff filed her Third Amended Complaint [#18]. On July 9, 2008, Defendants' counsel wrote to the Court, and raised two objections to the Third Amended Complaint. First, Defendants argued that demands for punitive damages should be stricken from the first, third and fourth causes of action. Second, Defendants stated that Plaintiff's second and third causes of action, asserting claims under the FMLA, should be dismissed since Plaintiff never requested FMLA leave. On July 11, 2008, Plaintiff's counsel responded, and agreed that the punitive damages demands should be stricken from the first, third and fourth causes of action. However, Plaintiff's counsel maintains that the FMLA claims are sufficiently pled. Consequently, the only issue remaining before the Court is whether the second and third causes of action in the Third Amended Complaint state claims upon which relief can be granted under the FMLA.

ANALYSIS

In ruling upon a motion to dismiss made pursuant to FRCP 12(b) (6), the Court must construe

> the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. Although the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice. To survive dismissal, the plaintiff must provide the grounds upon which her claim rests through factual allegations sufficient to raise a right to relief above the speculative level.

*Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 131 (2d Cir. 2007) (citations and internal quotation marks omitted).

The law concerning FMLA claims is clear:

> The FMLA gives eligible employees an "entitlement" to twelve workweeks per year of unpaid leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The FMLA provides that at the end of an employee's leave the employee has the right to return to the position he held before the leave or its equivalent, see 29 U.S.C. § 2614, though this right is not absolute, *see* 29 C.F.R. § 825.214(b) ("If the employee is unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition, the employee has no right to restoration to another position under the FMLA."); *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 161 (2d Cir.1999) ("The fact that Sarno was not restored to his position at the end of that 12-week period did not infringe his FMLA rights because it is also undisputed that at the end of that period he remained unable to perform the essential functions of his ... position."). The FMLA "creates a private right of action to seek both equitable relief and money damages against any employer (including a public agency) in any Federal or State court of competent jurisdiction" should that employer "interfere with, restrain, or deny the exercise of" FMLA rights. *Nevada Dept. of Human Resources v. Hibbs*, 538 U.S. 721, 724-25, 123 S.Ct. 1972, 155 L.Ed.2d 953 (2003) (internal citations omitted).

*Sista v. CDC Ixis North America, Inc.*, 445 F.3d 161, 174 (2d Cir. 2006) (footnote omitted).  To establish a *prima facie* FMLA claim,

> a plaintiff must establish: (1) that she is an "eligible employee" under the FMLA; (2) that defendants constitute an employer under the FMLA; (3) that she was entitled to leave under the FMLA; (4) that she gave notice to defendants of her intention to take leave; and (5) that defendants denied her benefits to which she was entitled by the FMLA.

*Roberts v. Ground Handling, Inc.*, 499 F.Supp.2d 340, 351 (S.D.N.Y. 2007) (citations omitted).

Of course, to defeat a 12(b)(6) motion, a plaintiff is not required to plead facts sufficient to establish a prima facie case. *See, Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006) (Observing that in *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 508 122 S.Ct. 992 (2002), the Supreme Court held that "an employment discrimination complaint need not include specific facts establishing a prima facie case of discrimination and instead must contain only a short and plain statement of the claim showing that the pleader is entitled to relief.") (internal quotation marks omitted). Nevertheless, a plaintiff who chooses to plead particular facts may thereby "plead herself out of court." *See, Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995) ("[A] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts.") (citations omitted) (Posner, J.).

Here, Defendants contend that the FMLA claims in the Third Amended Complaint are deficient, because Plaintiff's factual allegations establish that she did not request leave. In that regard, the complaint alleges:

> Plaintiff was injured on the job, informed her supervisor of her injury, and went to see the nurse. The nurse advised Plaintiff to go see a doctor. Plaintiff went to an after hours care center [Wilson Center] on Carter Street and received a note to be out of work for a period of time. Upon leaving the center, Plaintiff had her daughter drive her by defendant's [sic] office to drop off her doctors note, indicating she would be unable to work for a period of time exceeding 3 days. Thus, Plaintiff informed defendant of her need for an injury [sic] which was FMLA qualifying.

(Third Amended Complaint ¶ 30). Therefore, the issue here is whether Plaintiff's doctor's note provided the employer with sufficient notice under the FMLA.

Defendants contend that "advising an employer of an alleged injury is not the same as requesting time off from work due to that injury," and, in that regard, they cite this Court's decision in *Mullin v. Rochester Manpower, Inc.*, 204 F.Supp.2d 556, 563 (W.D.N.Y. 2002). However, Plaintiff responds that the *Mullin* decision is factually inapposite, and the Court agrees. For example, *Mullin* was a summary judgment decision, involving a woman whose employment was terminated shortly after she orally informed her supervisor that she was pregnant, and had asked him to keep the information confidential. *Id*. at 558. In this case, Plaintiff allegedly did more than merely "advise her employer of an alleged injury." She contends that she provided her employer with a doctor's note indicating that she was unable to work.

Plaintiff argues that such notice was sufficient, and in that regard, she cites 29 C.F.R. § 825.302(c), which states:

> An employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave. The employee need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed for an expected birth or adoption, for example. The employer should inquire further of the employee if it is necessary to have more information about whether FMLA leave is being sought by the employee, and obtain the necessary details of the leave to be taken. In the case of medical conditions, the employer may find it necessary to inquire further to determine if the leave is because of a serious health condition and may request medical certification to support the need for such leave (see § 825.305).

29 U.S.C. § 825.302(c). Additionally, 29 C.F.R. § 825.303(b) states, in relevant part, that,

> [t]he employee should provide notice to the employer either in person or by telephone, telegraph, facsimile ("fax") machine or other electronic means. Notice may be given by the employee's spokesperson (e.g., spouse, adult family member or other responsible party) if the employee is unable to do so personally. The employee need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed.

5

>The employer will be expected to obtain any additional required information through informal means.

29 C.F.R. § 825.303(b) (emphasis added). In some cases, a doctor's note may provide the employer with sufficient notice. *See, Lozano v. Kay Mfg. Co.*, No. 04 C 2784, 2006 WL 1083998 at *4 (N.D.Ill. Mar. 28, 2006) ("[T]he Seventh Circuit has found that an employee must merely place the employer on notice of a condition, which can be accomplished, for example, by simply presenting a doctor's note indicating a potential health problem.") (*citing Aubuchon v. Knauf Fiberglass GmbH*, 359 F.3d 950, 953 (7th Cir. 2004) ("The note from Mrs. Aubuchon's obstetrician indicating that she was having 'complications' would have sufficed, despite the absence of details, had Aubuchon submitted it to Knauf before the company acted on his request for leave.")); *but see, de la Rama v. Illinois Dept. of Human Servs.*, — F.3d —, 2008 WL 4052918 at *4 (7th Cir. Sep. 2, 2008) (Stating that a doctor's note may not provide sufficient FMLA notice "if the note does not convey the seriousness of [the employee's] medical condition.") (citation omitted).

Here, the Court does not have the actual doctor's note that Plaintiff allegedly gave to her employer.[1] Accordingly, the Court cannot say whether such note would have provided the employer with sufficient notice. Nevertheless, the Court finds that, for

---

[1] "In considering a motion under Fed.R.Civ.P. 12(b)(6) to dismiss a complaint for failure to state a claim on which relief can be granted, the district court is normally required to look only to the allegations on the face of the complaint. If, on such a motion, 'matters outside the pleading are presented to and not excluded by the court,' the court should normally treat the motion as one for summary judgment pursuant to Fed.R.Civ.P. 56. Fed.R.Civ.P. 12(b) . . . . In certain circumstances, the court may permissibly consider documents other than the complaint in ruling on a motion under Rule 12(b)(6). Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered. In addition, even if not attached or incorporated by reference, a document upon which the complaint solely relies and which is integral to the complaint may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (citations and internal quotations omitted).

purposes of pleading, Plaintiff has sufficiently stated claims under the FMLA.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [#13] is denied as moot, Plaintiff's cross-motion to amend [#15] is granted, the Third Amended Complaint [#18] is now the operative complaint in this action, and the demands for punitive damages in the first, third and fourth causes of action are stricken.  Defendants are directed to answer the Third Amended Complaint within twenty (20) days of the date of filing of this Decision and Order.

SO ORDERED.

Dated: Rochester, New York
       September 30, 2008

ENTER:


 /s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge